[Civ. No. 8400.   Second Appellate District, Division One.—November 5, 1934.]

O. G. BENJAMIN, Respondent, v. FRANK D. McCLURE, Appellant.

Frank D. McClure, *in pro. per.*, and Gordon X. Richmond for Appellant.

Will H. Winston for Respondent.

THE COURT.—A sale of the property of the Bolivar Holding Company, a corporation, was set for March 27, 1925, in the course of foreclosure proceedings commenced by the holder of a trust deed upon which more than one hundred thousand dollars was due. A meeting of the stockholders

of the Bolivar company was called and defendant, an attorney at law, employed by them to take steps to stop the sale and to adjust the company's financial difficulties. A petition for adjudication in bankruptcy was filed. Thereafter for several years efforts were made to save the stockholders from loss. Several corporations were organized by the defendant to take over the property of the company, among them the Seaside Commercial Club of Nevada and the Seaside Commercial Club of California. About April, 1926, after other efforts had failed, the defendant induced a number of the stockholders to purchase memberships in the Seaside Commercial Club (of which state does not appear). Plaintiff was among the stockholders to purchase the memberships and he brings this action for himself and as assignee of a number of other stockholders to recover the amount paid in for this purpose. For the memberships plaintiff and his assignors paid the sum of $22,802.89, which was placed under the control of defendant. Thereafter the All States Building Corporation (of which defendant's private secretary owned all the stock), the then holder of the title to the property, under date of July 20, 1927, gave a promissory note for the said amount paid in for the memberships, made payable to defendant as trustee for the Seaside Commercial Club. By agreement of all concerned the amount of this note was later reduced to $20,000. Thereafter the then record holder of the title to the real property of the Bolivar company, C. J. Laughren, trustee, by declaration of trust dated February 6, 1928, declared that he held the title to the property in trust for certain beneficiaries, among whom were the owners of the promissory note for $20,000. The property was about to be again transferred and it became necessary to safeguard a title company, which had been engaged to issue a title certificate, against loss on account of the so-called encumbrance. For this purpose the sum of $20,000 was deposited with the title company and the defendant delivered to the title company the note which he held as trustee. The note was not recovered and it has become of no value to plaintiff and his associates. The cash delivered to the title company was not used to reimburse plaintiff and his assignors for the money paid in for the memberships although one of the other stockholder-members was reimbursed from this fund. The plaintiff stockholders

have suffered the loss of their original investment and also the additional sum with which they purchased the club memberships. The trial court gave judgment in favor of plaintiff for the proportionate amount paid by himself and assignors for the memberships. The transactions of the various parties in this undertaking were very complicated. In his brief appellant, under the heading ''statement of the case'', covers almost twenty-five pages and respondent, in his ''statement of the case'', covers almost forty-two pages. For the purposes of this opinion it would not be necessary or proper to set forth in detail all of the many activities of the parties.

It is alleged in the complaint that the defendant knowingly made certain false representations to the plaintiff and his assignors concerning the condition of the affairs of the parties and the status of the various negotiations at the time he induced them to purchase the memberships and that defendant ''never intended to establish a commercial club to be known as the Seaside Commercial Club''; that defendant wrongfully permitted the real property originally owned by the Bolivar company to be transferred and wrongfully surrendered the promissory note which had been given to secure the plaintiff and his assignors. With minor exceptions all of the allegations of the complaint were found by the trial court to be true.

No question of law is presented in the briefs, but defendant contends that the evidence is insufficient to sustain the findings. An examination of the record discloses that there is sufficient evidence to sustain those findings which are necessary to support the judgment.

The judgment is affirmed.